UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CECILIA D. BUTTERFIELD,

    Plaintiff,

v.                                            Case No. 3:19-cv-1443-J-32JRK

NEW YORK LIFE INSURANCE CO.,

    Defendant.

## O R D E R

Frank "Jef" Butterfield, Jr., had two long-standing life insurance policies with New York Life Insurance Company. In June 2018, depending on which party's position is correct, Mr. Butterfield applied to either replace those two policies or to secure an additional, third, policy in the amount of $1,800,000. Mr. Butterfield was killed in an auto accident on July 11, 2018. In this case, Mr. Butterfield's widow, plaintiff Cecilia D. Butterfield, sues defendant New York Life Insurance Co., alleging that her late husband had obtained coverage for the additional third policy and New York Life has refused to pay on it.[1] New York Life has moved to dismiss plaintiff's two count complaint with prejudice, claiming it already paid out benefits of over $3,800,000 on the two

---

[1] Plaintiff is alleged to be a citizen of Florida, defendant is alleged to be a citizen of New York, and the amount in controversy exceeds $75,000, so this Court has diversity jurisdiction.

existing policies, and that no additional third policy ever issued (Doc. 18). Plaintiff responded (Doc. 19), defendant filed a reply (Doc. 23), and plaintiff filed a sur-reply (Doc. 25).[2]

**Count I: Breach of Contract**

In support of her claim that a third policy issued, Butterfield attached to her complaint a policy loan request (Doc. 1, Ex. 1), which authorized New York Life to borrow $100,000 from an existing policy to pay for the new policy; and a July 3, 2018 Policy Billing Statement from New York Life (Doc. 1, Ex. 2), which shows payment of $100,000 and a balance due of $52,770.55 on the new policy, Policy Number 61 327 994.  This latter document states "TCA Expiration: 9/15/2018," which, according to Butterfield, demonstrates that a temporary coverage agreement was in place until the final policy issued, which Butterfield alleges occurred on or about July 3, 2018 when it was sent to New York Life's insurance agent.  Butterfield did not attach to her complaint a copy of the final policy and in her sur-reply she states she does not have it because New York Life retrieved the policy from the agent when she left its employ.  New York Life states that a final policy never issued and, without a copy of the policy,

---

[2] In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts the well-pled allegations of a complaint as true and construes them in the light most favorable to the plaintiff to determine whether the plaintiff has stated a claim to relief that is plausible on its face.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted); Burban v. City of Neptune Beach, 920 F.3d 1274, 1278 (11th Cir. 2019) (citations omitted).

Butterfield is unable to prove otherwise.  Additionally, New York Life attaches to its motion Jef Butterfield's June 2018 application documents for the new policy which, it explains, show that Jef Butterfield was ineligible for even temporary coverage.

First, the Court does not find Butterfield's breach of contract claim is subject to dismissal for failure to attach a copy of the policy itself.  See, e.g., Green v. Dr. Kelly Malinoski, LLC, No. 2:19-cv-556-FtM-60NPM, 2019 WL 6173175, at *2 (M.D. Fla. Nov. 20, 2019) ("[W]hen asserting a breach of contract claim, it is well-established that in federal court, a plaintiff is not required to attach a copy of the contract to the complaint.") (collecting cases); Lahtinen v. Liberty Int'l Fin. Servs., Inc., No. 13-61766-CIV, 2014 WL 351999, at *5 (S.D. Fla. Jan.31, 2014) (Rosenbaum, J.) (requiring plaintiff to attach evidence to her complaint would be akin to requiring plaintiff to "prove her case at the pleading stage").  Herssein Law Group v. Reed Elsevier, Inc., 594 F. App'x 606, 608 (11th Cir. 2015), the unpublished Eleventh Circuit case upon which New York Life relies for the proposition that the contract must be attached to a complaint for breach of contract, is distinguishable.  In Herssein, not only did the plaintiff fail to attach the contract allegedly breached, but it further failed to identify any breached provision of the contract.  Id. at 607.  Here, by contrast, Butterfield is suing for payment on a life insurance policy which, if in place, was payable according to its terms.  She has identified a policy (No. 61327994), has

3

provided at least some evidence of its existence, and alleges that the policy was sent to Jef Butterfield's New York Life insurance agent in early July 2018. Her breach of contract claim requires no more. The Court finds Herssein does not dictate the result here.

Second, while the parties argue whether the Court can consider the application documents attached to New York Life's motion, the Court determines that even if they are considered, because they predate plaintiff's documents which at least suggest that a temporary policy was in place, the application documents are not determinative of the outcome on a motion to dismiss.[3] See Stohs v. NewRez, LLC, No. 1:19-cv-1308-KOB, 2020 WL 3317710, at *4 (N.D. Ala. June 18, 2020) (determining that even if contested documents offered by defendant were considered, they did not "conclusively contradict" the allegations of plaintiff's complaint). Nor is this a circumstance where a plaintiff's claims are clearly barred by the plain language of an

---

[3] The Court's review on a motion to dismiss is generally limited to the four corners of the complaint and any relevant documents attached thereto. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). There is an exception, however, for "cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." Fin Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007) (citations omitted). Butterfield argued that New York Life's documents were not central to her claim and she disputes their contents as incomplete. In disputing their contents, Butterfield attached an affidavit from Jef Butterfield's insurance agent. The Court's decision here did not require consideration of that affidavit, which New York Life challenged.

insurance policy.  Cf. Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA., 143 F. Supp. 3d 1283, 1295 (S.D. Fla. 2015) (dismissing complaint for coverage of underlying complaint for bankers' roles in a Ponzi scheme where policy clearly and plainly excluded professional services claims); Zodiac Grp., Inc. v. Axis Surplus Ins. Co., 542 F. App'x 844, 848 (11th Cir. 2013) (affirming dismissal where policy excluded coverage for claims against insured that predated policy period).  By contrast, this case is about whether a policy even existed.  Butterfield has some documents which show that maybe it did; New York Life has others it says show it could not.  A motion to dismiss is not the vehicle to sort that out.[4]  The Court finds plaintiff has alleged enough to move forward on her breach of contract claim.

**Count II: Promissory Estoppel**

New York Life also argues Butterfield fails to state a claim for promissory estoppel, arguing that the application documents attached to its motion show Jef Butterfield was attempting to replace his two existing policies, not add a third one, and thus, New York Life cannot be found to have engaged in any fraudulent conduct as would be necessary to support a promissory estoppel

---

[4] The Johnson case cited by New York Life is also distinguishable as that case was before the court on summary judgment, not on a motion to dismiss, so the court properly considered plaintiff's inability to contradict defendant's position that no insurance policy ever issued based on evidence the decedent withdrew his application and demanded a refund of his deposit.  See Johnson v. All Amer. Life Ins. Co., 838 F. Supp. 1556, 1559-60 (M.D. Fla. 1993).

claim. New York Life further argues that Butterfield has not adequately alleged that she relied on any promise or that her reliance was reasonable or foreseeable. New York Life's arguments are premised on its contention that Jef Butterfield was attempting to secure a replacement policy, but Butterfield's allegations are that he was securing (and did secure) an additional, third, policy. Taking Butterfield's allegations as true and construing them in the light most favorable to her, she has stated a claim for promissory estoppel. See, e.g., Levine v. United of Omaha Life Ins. Co., No. 0:19-cv-61271-CIV-DIMITROULEAS/SNOW, 2019 WL 7841800, at *3 (S.D. Fla. Dec. 30, 2019) (denying motion to dismiss promissory estoppel claim where allegations were sufficient, and further factual development would await a later stage of the litigation); Bummer v. New York Life Ins. & Ann. Corp., No. 6:11-cv-1851-Orl-28KRS, 2012 WL 3893541, at *2 (M.D. Fla. Sept. 7, 2012) (same).

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 18) is **denied**. Defendant shall file its answer to plaintiff's complaint no later than **September 21, 2020**.

2. To accommodate the request for extensions of both parties' expert disclosure deadlines (see Docs. 28, 29), the Court will issue an Amended Case Management and Scheduling Order extending all remaining case deadlines by approximately 90 days.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of August, 2020.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record